UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| In re FEDEX GROUND PACKAGE SYSTEM, INC. EMPLOYMENT PRACTICES LITIGATION | CAUSE NO. 3:05-MD-527 RM (MDL-1700) |
| THIS DOCUMENT RELATES TO: | |
| 3:05-cv-652 (*Johnson* - Iowa) 3:07-cv-191 (*Gentle* - Alabama) 3:06-cv-801 (*Wallace* - Ohio) 3:07-cv-327 (*Farrell* - New Jersey) 3:05-cv-598 (*Hart* - Pennsylvania) 3:06-cv-802 (*Price* - Texas) 3:07-cv-496 (*Blanchard* - Colorado) 3:07-cv-323 (*Dizinno* - Connecticut) | |

## OPINION AND ORDER

This court issued a suggestion of remand in *Johnson*, 3:05-cv-652 (Iowa) on February 4, 2009, recommending that the case be remanded to the Southern District of Iowa, Central Division, for further proceedings. Doc. # 1709. The court reasoned that the plaintiffs' motion for class certification had been denied, the dispositive motion deadline had passed and pretrial matters were complete. FedEx Ground Package System, Inc. moved to clarify and reconsider the court's order contending that the deadline for dispositive motions had only passed as to summary adjudications relating to independent contractor/employee status, that pretrial matters aren't complete, that the case isn't ready for trial, and that more actions are needed before this case should be remanded to the transferor court. The plaintiffs don't dispute that certain issues must be addressed before remand

is issued, including alternative dispute resolution, and request a case management conference to expeditiously reach the objective of the suggestion of remand. For the reasons stated below, the court clarifies its February 4, 2009 order and again SUGGESTS that the Panel REMAND this case to the Southern District of Iowa, Central Division, for further proceedings.

PROCEDURAL HISTORY

This case was transferred to MDL-1700 from the United States District Court for the Southern District of Iowa, Central Division, on September 16, 2005. On March 25, 2008, this court denied the Iowa plaintiffs' motion for class certification because determination of employment status requires a driver-by-driver examination and can't be resolved on a class-wide basis. Doc. # 1119. The court reasoned that "[t]o defend the plaintiffs' claim of employee status, FedEx Ground must be allowed to present evidence of which drivers were incorporated, purchased and used their own equipment, hired and supervised assistants, and so on." Doc. # 1119.

The court has divided summary judgment into two stages: "summary judgment or adjudication on issues relating to independent contractor/employment status and summary judgment or adjudication as to other issues." Doc. # 58. In the Iowa action, the court set June 2, 2008 as the date that "motions for summary judgment/adjudication relating to independent contractor/employee status shall be filed." Doc. # 1139. Neither the plaintiffs nor FedEx filed

2

a summary judgment motion in the Iowa case. The court's previous scheduling orders leave open the opportunity to file summary judgment motions on other matters, so to clarify, the deadline for filing other dispositive motions has not been set.

The discovery deadline has passed, except that to date, expert discovery has only been directed to class certification and employment-status issues. Doc. # 261. Further, the parties haven't conducted discovery as to damages because this court bifurcated liability and damages. Doc. # 52.

To further clarify, pretrial matters aren't complete in that additional expert discovery may be warranted, dispositive motions on other issues may be filed, and pretrial matters such as identifying trial witnesses and exhibits hasn't occurred.

DISCUSSION

FedEx argues against remand, stating that more must be done before this case is remanded to the transferor court, such as certain expert discovery and the filing of dispositive motions on issues other than the determination of independent contractor/employee status. The plaintiffs respond that the parties have engaged in extensive expert discovery and no further expert discovery is warranted. They further contend that the filing of subsequent dispositive motions in this case shouldn't impede remand because the transferor court can address such motions. The plaintiffs, however, say the parties should schedule an ADR process with the full case docket before the transfer of cases back to the transferor court. The

plaintiffs don't contend that an ADR process should occur immediately, but seek to schedule a mutually-agreed process within sixty days of issuance of the first court order on the cross-motions for summary judgment. Both parties agree that it would help the court and all counsel to schedule a case management conference to address the pending scheduling matters and to discuss the proper timing of remand.

The power to remand a case to the transferor court lies solely with the Judicial Panel on Multidistrict Litigation. 28 U.S.C. § 1407(a). In deciding whether to issue a suggestion for remand to the Panel, a transferee court is guided by the standards for remand employed by the Panel. In re Bridgestone/Firestone, Inc., 128 F. Supp. 2d 1196, 1197 (S.D. Ind. 2001). The MDL Panel shall remand any action transferred into a MDL proceeding "at or before the conclusion of such pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated . . . ." 28 U.S.C. § 1407(a). "The plain language of section 1407 accords the Panel discretion to remand cases before the conclusion of pretrial proceedings, and courts routinely have read the statute in that flexible fashion." In re Brand-Name Prescription Drugs Antitrust Litig., 264 F. Supp. 2d 1372, 1375 (Jud. Pan. Mult. Lit. 2003) (*citing* In re Patenaude, 210 F.3d 135, 145 (3d Cir. 2000)). Even if consolidated proceedings haven't concluded, when only case-specific proceedings remain, "the court can at that point exercise its discretion to remand 'before the conclusion of pretrial proceedings.'" In re Patenaude, 210 F.3d 135, 145 (3d Cir. 2000) ("Clearly, the Panel has the

4

discretion to remand a case when everything that remains to be done is case-specific."); *see also* In re Silica Prods. Liability Litig., 398 F. Supp. 2d 563, 667-668 (S.D. Tex. 2005). In deciding whether to remand a matter to the transferor court, the Panel generally considers "whether the case will benefit from further coordinated proceedings as part of the MDL." In re Ins. Brokerage Antitrust Litig., Civ. Nos. 04-5184, 05-5696, 2009 WL 530965, at *2 (D. N.J. March 3, 2009) (*citing* In re Bridgestone/Firestone, Inc., 128 F. Supp.2d 1196, 1197 (S.D. Ind. 2001)).

When the transferee judge suggests remand to the Panel, this "is an obvious indication that he has concluded that the game no longer is worth the candle (and, therefore, that he perceives his role under section 1407 to have ended)." In re Brand-Name Prescription Drugs Antitrust Litig., 264 F. Supp. 2d at 1376; *see also* Manual for Complex Litigation, Fourth § 20.133 at 225 (noting that "[t]he Panel looks to the transferee court to suggest when it should order remand, but that court has no independent authority to … remand"). In exercising that discretion, "[t]he transferee court should consider when remand will best serve the expeditious disposition of the litigation." Manual for Complex Litigation, Fourth § 20.133 at 225. As § 1407(a) sets forth, the purpose of pretrial consolidation or coordination is "for the convenience of the parties and witnesses and [to] promote the just and efficient conduct of such actions," so "the decision of whether to suggest remand should be guided in large part by whether one option is more likely to insure the maximum efficiency for all parties and the judiciary." United

5

States ex rel. Hockett v. Columbia/HCA Healthcare Corp., 498 F. Supp. 2d 25, 38 (D. D.C. 2007) (citation omitted).

Generally, in cases where remand has been deemed appropriate, "there was no efficiency gain to be had by keeping the case before the transferee court." United States ex rel. Hockett v. Columbia/HCA Healthcare Corp., 498 F. Supp. 2d at 38 (*citing* In re Baseball Bat Antitrust Litig., 112 F. Supp. 2d 1175 (Jud. Pan. Mult. Lit. 2000)). Remand isn't appropriate when continued consolidation will "eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary." In re Silica Prods. Liability Litig., 398 F. Supp. 2d 563, 668 (S.D. Tex. 2005) (*citing* In re Heritage Bonds Litig., 217 F. Supp. 2d 1369, 1370 (Jud. Pan. Mult. Lit. 2002)). "In most cases transferred under 28 U.S.C. § 1407, substantially all discovery will be completed before remand[, but i]n some cases . . . such as mass tort litigation, discovery regarding individual damages may have been deferred and must be conducted in the transferor district after remand." Manual for Complex Litigation, Fourth § 11.61 at 120.

The overriding common issue in this MDL litigation is whether the plaintiffs should be classified as independent contractors or employees. The plaintiffs challenge FedEx's practice of labeling its Ground and Home Delivery division drivers as independent contractors and instead contend that they are employees because of the control reserved to FedEx in the parties' Operating Agreements and

commonly applicable FedEx policies. Like the other cases that are part of the MDL proceeding, the *Johnson* (Iowa) plaintiffs' claims hinge on whether they are employees under state law. The court found that a determination of employee status under Iowa law requires a driver-by-driver examination and can't be resolved on a class-wide basis.

FedEx contends that additional steps are needed in this case with respect to issues other than employment status, but doesn't specify what these "other issues" entail. The deadline for expert discovery and filing of dispositive motions as to the determination of employee and independent contractor status — the overriding centralized issue in this case — has expired. The court has found that this overriding issue can't be resolved without individualized driver-by-driver evidence. The court doesn't find that it will serve the convenience of the parties and witnesses or promote the just and efficient conduct of the litigation to continue to manage a non-class case that requires the application of state law to each named plaintiff's varying circumstances. Common discovery on the centralized issue has been conducted and the transferor court can address further individualized expert discovery or dispositive motions as to "other issues" and damages more effectively and efficiently.

The court appreciates the plaintiffs' desire to conduct ADR with the full case docket before transfer, but neither side thinks ADR should be held at this time and FedEx disagrees that ADR is even ripe for discussion. Justice is not served by making these plaintiffs wait without progress while other cases move forward

7

through the summary judgment stage, just because later ADR might produce a settlement. There is no reason to think this case can't be included in any later global settlement negotiations even if it is back in Iowa.

As the parties note, upon suggestion of remand, the transferee court should enter a "pretrial order that fully chronicles the proceedings, summarizes the rulings that will affect further proceedings, outlines the issues remaining for discovery and trial and indicates the nature and expected duration of further pretrial proceedings." Manual for Complex Litigation, Fourth § 20.133 at 226. The court instructs the parties to file a joint proposed pretrial order within thirty days of the date of this order. The court will determine at that time if a case management conference is necessary to address pending scheduling matters.

The plaintiffs list an additional seven cases that they believe should be treated like *Johnson* for purposes of remand. In *Gentle*, Cause No. 3:07-CV-191 (Alabama), the plaintiffs didn't seek class certification and their time to do so has expired. The *Gentle* complaint, however, contains similar claims as the complaint in *Floyd*, Cause No. 3:06-CV-428 (Alabama) — a case that was certified in part and where a summary judgment motion pends. As the plaintiffs note, the named plaintiff in *Gentle* (Bruce Gentle) is a member of the Alabama class (doc. # 1758). The court questions whether *Gentle* should continue as an independent action, but without addressing that issue, doesn't suggest remand of *Gentle* under § 1407 at this stage given the pending summary judgment motion in *Floyd*.

Similarly, in *Wallace*, Cause No. 3:06-CV-801 (Ohio); *Farrell*, 3:07-CV-327 (New Jersey); *Hart*, Cause No. 3:05-CV-598 (Pennsylvania); and *Price*, 3:06-CV-802 (Texas) there are counterpart class actions — an Ohio class, New Jersey class, Pennsylvania class and Texas class — in which summary judgment motions pend. As in *Gentle*, the named plaintiff in these actions is a member of the certified class from the plaintiff's home state. Accordingly, for the same reasons stated in *Gentle*, the court doesn't suggest remand of those actions at this point.

In *Blanchard*, Cause No. 3:07-CV-496 (Colorado), there is a counterpart action — *Flores* 3:07-CV-478 (Colorado) — in which the court denied class certification. The *Flores* plaintiffs, however, have moved to amend the order denying class certification and moved for summary judgment. It is in the interests of judicial economy to keep these cases in the same litigation at least until the court rules on the plaintiffs' motion to amend.[1]

Similarly, in *Dizinno*, Cause No. 3:07-CV-323 (Connecticut), there is a counterpart Connecticut action where there is a pending motion to amend order denying class certification and motion for summary judgment. For the same reasons as in *Blanchard*, the court doesn't recommend remand at this time.

CONCLUSION

---

[1]In making this determination, the court notes that the plaintiffs in *Rascon*, 3:09-CV-60 (Colorado) have filed a motion to remand to state court asserting lack of jurisdiction under the Class Action Fairness Act (doc. # 1746). The court will address this motion for remand by separate order.

9

The court reconsiders its previous order and for the reasons stated above, pursuant to Rule 7.6(c)(ii) of the Rules of the Judicial Panel of Multi-District Litigation, SUGGESTS that the Panel REMAND *Johnson*, 3:05-CV-652 (Iowa) to the Southern District of Iowa, Central Division, for further proceedings. The court instructs the parties to file a joint proposed pretrial order within thirty days of the date of this order.

SO ORDERED.

ENTERED:   January 22, 2010

                                 /s/ Robert L. Miller, Jr.
                              Chief Judge
                              United States District Court

cc: Judicial Panel on Multi-District Litigation